# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD C. JOHNSON, Jr., | Case No. ED CV 15-02239 AFM |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

On June 26, 2012, Plaintiff Ronald C. Johnson, Jr., filed an application for supplemental security income ("SSI"). The Social Security Administration denied Plaintiff's application initially on November 19, 2012, and on reconsideration on May 20, 2013. Following a request for a hearing, Plaintiff appeared and testified at hearings on February 11, 2014 and July 2, 2014. An Administrative Law Judge ("ALJ") issued an unfavorable decision on August 25, 2014. Plaintiff sought review of this decision, which the Appeals Council denied.

Plaintiff filed a Complaint in this Court on October 30, 2015, seeking review of the Commissioner's denial of his application for SSI. In accordance with the Court's Case Management Order, Plaintiff filed a memorandum in his support of

his complaint on April 18, 2016 (ECF No. 16), and the Commissioner filed a memorandum in support of her answer on May 20, 2016. (ECF No. 17.) Plaintiff did not file a reply. This matter is now ready for decision.[1]

## I. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review a decision from the Social Security Commissioner to deny disability benefits. An ALJ's findings and decision must be upheld if they are supported by "substantial evidence" and are "free of legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "more than a mere scintilla" of evidence, but less than a preponderance of evidence; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007).

A reviewing federal court must review the record as a whole, weighing both the evidence that supports the ALJ's decision and the evidence that may detract from it. *See Lingenfelter,* 504 F.3d at 1035. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *See Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). Where evidence is susceptible of more than one rational interpretation, the reviewing federal court must uphold the Commissioner's decision. *See Garrison v. Colvin,* 759 F.3d 995, 1009-10 (9th Cir. 2014); *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007).

Error in a social security determination is subject to harmless error analysis. *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012). Reversal "is not automatic, but requires a determination of prejudice." *Id.* A reviewing federal court must

---

[1] The decision in this case is made based on the pleadings, the administrative record ("AR") and the parties' briefs.

consider case-specific factors, including "an estimation of the likelihood that the result would have been different, as well as the impact of the error on the public perception of such proceedings." *Id.* (footnote and citation omitted).

**II.    Discussion**

Plaintiff contends that the decision of the Commissioner should be reversed because the ALJ failed to fully and fairly develop the record, specifically by failing to obtain a medical expert's opinion regarding the severity of Plaintiff's physical impairments and whether or not Plaintiff met or equaled a listing, and by failing to send Plaintiff to a mental health consultative examination. (ECF No. 16 at pp. 2-3.) The Commissioner responds that Plaintiff has waived these issues by failing to raise them during the administrative proceedings and, in any event, that the ALJ did not commit reversible error.

**A.    Waiver**

The Court will first address the Commissioner's contention that Plaintiff waived its current challenges by failing to raise them during the administrative proceedings. The law is settled in the Ninth Circuit that "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal," and that the failure to comply with this rule will be excused only "when necessary to avoid a manifest injustice." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999); *see also Phillips v. Colvin*, 593 Fed. Appx. 683, 684 (9th Cir. 2015) (finding waiver of issue by "[claimant's] failure to raise it at the administrative level when he was represented by counsel, and [claimant] has not demonstrated manifest injustice excusing the failure"); *Simpson v. Colvin*, 2016 WL 3091487 at *1-2, (C.D. Cal. May 31, 2016) (applying *Meanel* and finding waiver based on failure to raise issue at

administrative level); *Butt v. Colvin*, 2016 WL 1715167 at *1 (C.D. Cal. April 27, 2016) (same).

Here, Plaintiff was represented by legal counsel at the February 11, 2014 administrative hearing and at the July 2, 2014 hearing. (AR 40, 78.) Counsel also represented Plaintiff before the Appeals Council (AR 12), and the same firm represents Plaintiff in this Court. The Commissioner states it is undisputed that during the administrative hearing, Plaintiff and his counsel did not raise allegations (i) that the ALJ needed to use a medical expert, (ii) that the record was incomplete, (iii) that Plaintiff met or equaled a listing (or that a medical expert was needed for this determination), or (iv) that Plaintiff should have been sent to a mental health consultative examination. Plaintiff has not filed a reply to contest this characterization of the record.

The Court has independently reviewed the record and confirmed that Plaintiff did not raise these issues during the administrative proceedings. At the end of the February 11, 2014 hearing, the initial ALJ stated that she was leaving the record open for a month to allow Plaintiff and his counsel to submit additional documents, so that there would be a full record. Plaintiff's counsel agreed to this. (AR 76.) The second hearing took place on July 2, 2014 in front of a second ALJ, who said he was "starting over" because the prior ALJ had become very ill. (AR 82, 104.) Based on the exhibits entered into evidence, it appears that additional medical evidence was submitted beyond that available at the February hearing. (*Compare* AR 41 (admitting Exhibits 1A through 6F) *with* AR 83 (admitting Exhibits 1A through 11F).)

At the end of the June 2014 hearing, the ALJ asked Plaintiff's counsel if she had any questions for her client and whether she had any closing motions or arguments. Plaintiff's counsel answered no. (AR 104.) The ALJ then asked "is there anything else you want to add before we call it a day?" (*Id*.) Plaintiff's counsel did not answer, but Plaintiff said, "I can't think of anything." (*Id*.)

Plaintiff then asked the ALJ, "How long is this going to take? It seems like, it seems like I've been waiting for this forever." (*Id*.) By this, Plaintiff was plainly encouraging the ALJ to rule as soon as possible, and his counsel made no suggestion or indication that further development of the record was needed. The ALJ responded, "I've got enough information to make a decision on the case so I'm going to go ahead and do that." (AR 105.) Plaintiff then said, "All right," and Plaintiff's counsel said nothing. (AR 105-06.) The ALJ ended the hearing by asking if there were, "Any questions about anything at all?" (AR 106.) Plaintiff said no, and his counsel did not raise any final issues with the ALJ. (*Id*.) The ALJ issued an adverse decision on August 25, 2014. In a Request for Review of Hearing Decision/Order, Plaintiff (via his counsel) requested the Appeals Council to review the ALJ's decision "because I disagree with the decision and request that the Appeals Council review the exhibit file and audiocassette tape of the hearing." (AR 12.)

In sum, the Court has seen nothing (and Plaintiff has cited to nothing) in the record of the administrative proceedings indicating that Plaintiff or his counsel suggested that the ALJ failed to comply with his duty to fully and fairly develop the record. To the contrary, at the close of the June 2014 hearing before the ALJ, Plaintiff indicated that he wanted a decision rendered quickly, and the ALJ said he had everything needed to decide the case. Neither Plaintiff nor his counsel suggested that the ALJ should get a further medical opinion, should send Plaintiff to a mental evaluation, or should further develop the record in any other way. As such, Plaintiff waived any arguments on these issues. Under Ninth Circuit law, the Court can excuse this failure to preserve issues only "when necessary to avoid manifest injustice." *Meanel*, 173 F.3d at 1115; *Phillips*, 593 Fed. Appx. at 684; *Simpson*, 2016 WL 3091487 at *2.

///

///

## B.     No Manifest Injustice

The issues now raised by Plaintiff do not demonstrate manifest injustice from the ALJ's decision.  Indeed, Plaintiff has not shown any reversible error at all.  "An ALJ's duty to develop the record further is triggered . . . when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).  Plaintiff currently claims that the ALJ failed to properly develop the record in two ways.

First, Plaintiff argues that the ALJ improperly relied on only the opinions of a consultative examiner (Dr. Raja), and state agency review physicians.  Based on this medical evidence and Plaintiff's own testimony and statements in the record, the ALJ found that Plaintiff had the residual functional capacity to do a limited range of sedentary work, in which he could lift 10 pounds occasionally and 10 pounds frequently; he could sit for 6 hours out of an 8 hour day; and he could stand/walk for 2 hours out of an 8 hour day.

Plaintiff now argues that the ALJ should have used a medical expert to review Plaintiff's records, examine Plaintiff, and provide opinions regarding specific functional limitations.  (ECF No. 16 at p. 3.)  In particular, Plaintiff notes that the report of Dr. Raja was provided several months after Plaintiff's back surgery in 2012 and includes a statement that "patient is still in the acute postoperative phase of his surgery so we have to wait to see how he recovers from surgery."  (AR 364.)  But the subsequent ALJ decision addresses the passage of time since the back surgery, by referencing Plaintiff's own testimony that he has had little improvement since the surgery and concluding Plaintiff's functioning has remained at the same level assigned by Dr. Raja in 2012.  (AR 22.)  The administrative record also includes a report from a later orthopedic consultative examination by Dr. Bernabe on June 30, 2014.  (AR 509-15.)  Significantly, Dr. Bernabe opined to a functional capacity that is *less restrictive* than that of Dr. Raja's opinion and the ALJ's RFC, for example allowing lifting of 20 pounds

occasionally and standing/walking for six hours out of an eight hour day. (*See* AR 513). Plaintiff points out that the ALJ did not refer to Dr. Bernabe's opinion in the decision, but any error in not discussing this opinion — with less functional restrictions that the RFC — is harmless and not a ground for reversal. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Plaintiff, who has the burden to show harm from an error, has not presented evidence or argument to the contrary.

As his second "failure to develop the record" argument, Plaintiff contends that the ALJ should have sent him for a mental health consultative examination because he had a Global Assessment of Functioning ("GAF") score of 55, indicating moderate difficulties in social and occupational functioning. However, after review of the administrative record and the ALJ's decision, the Court concludes the ALJ's mental health findings were supported by substantial evidence, and the record was not inadequate to allow for evaluation of the evidence. The ALJ specifically acknowledged Plaintiff's GAF score (AR 19), but also noted that this score was given at the outset of Plaintiff's mental health treatment. The ALJ gave greater weight to information from mental health status examinations as reflected in the subsequent treatment records (*see generally* AR 468-99); these show relatively mild mental health problems and positive response by Plaintiff to conservative care. (AR 219-20.) The ALJ also cited Plaintiff's testimony at the July 2014 hearing, concluding that Plaintiff's psychological symptoms were not significant and did not impose any more than minimal limitations on his ability to work. (AR 20.) This conclusion was supported by substantial evidence, and Plaintiff has not shown error by the ALJ. In particular, it was not unreasonable for the ALJ to assess Plaintiff's mental health by giving greater weight to subsequent status reports provided during treatment. Nor has Plaintiff shown that the record was ambiguous or inadequate to allow for proper evaluation of the evidence. And, as discussed above, during the administrative process Plaintiff never contended that an additional psychological examination was needed.

\* \* \* \*

Accordingly, the Court concludes that Plaintiff waived any contention that the ALJ failed to fully and fairly develop the record in this case by not raising it during the administrative proceedings, and Plaintiff has not shown manifest injustice (or any error by the ALJ) that would excuse the failure to preserve this issue.

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security.

DATED: August 8, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE